<div style="margin-left: 12em; font-size:0.9em">OCT. TERM<br>1835.<br><br>Mayfield<br>v.<br>Sweringen.</div>

---

## James. S. Mayfield v. James T. Sweringen.

Papers tendered to the court, but not permitted to be filed, and such as are filed without leave first had, and treated afterwards as mere nullities; are not a part of the record, unless preserved by bill of exceptions—otherwise as to pleadings regularly taken and entered in the progress of a cause.

ERROR to St. Louis Circuit Court.

Opinion of the court delivered by Wash J.

This was originally a suit commenced by attachment, before a justice of the peace, by Sweringen the defendant, in error against Mayfield the plaintiff, in error, in which Sweringen got judgment, from which Mayfield appealed to the circuit court, where on trial de novo, Sweringen again got judgment, to reverse which, Mayfield now prosecutes his writ of error in this court. The question on which the plaintiff in error mainly relies for a reversal of the judgment of the circuit court, does not arise on the record. Pleadings regularly taken and entered in the progress of a cause, constitute a portion of the record proper of such cause,—not so of papers which are merely tendered to the court and refused by it; or such as are filed without leave first had and obtained, and are treated afterwards as mere nullities. In these cases, the papers tendered and rejected, or disregarded by the court, if relied

<div style="font-size:0.85em">Papers tendered to the court, but not permitted to be filed, and such as are filed without leave first had, and treated afterwards as mere nullities, are not a part of the record, unless preserved by bill of exceptions;—otherwise as to pleadings regularly taken and entered in the progress of a cause.</div>

on at all, must be preserved and spread upon the record by proper bills of exception. In the case before us, the plaintiff in error has omitted to do so, and we are not at liberty to look into the merits of the plea, on which he relies. From all that appears on the record, the circuit court adjudged very correctly, and its judgment must be affirmed with costs.